UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAGJIT SINGH BRAR (A-Number: 206-097-785),

Petitioner,

v.

WOFFORD, *et al*.,

Respondents.

Case No.  1:26-cv-2177-DC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Jagjit Singh Brar entered the United States in 2014, was ordered removed in 2019, and was re-detained by ICE in 2026.  Petitioner, proceeding with counsel, has filed a second amended habeas petition under 28 U.S.C. § 2241, claiming that his re-detention has become prolonged such that it violates the Fifth Amendment.  For the following reasons, I recommend that the second amended petition be denied.

**Background**

Petitioner entered the United States in 2014.  ECF No. 13-1 at 3.  He was detained by immigration authorities and claimed credible fear of returning to India.  *Id*.  In 2019, petitioner was ordered removed.  *Id*.  In 2024, the Board of Immigration Appeals dismissed petitioner's appeal.  *Id*.  In 2025, the Court of Appeals denied his petition for review.  *Id*. at 4.

On February 19, 2026, petitioner was re-detained by ICE after officials determined that petitioner was subject to a final order of removal.  *See id*. at 3.

1

**Procedural History**

On March 19, 2026, petitioner filed a petition for habeas corpus, ECF No. 1, and a motion for temporary restraining order, ECF No. 2.  Four days later, the court granted petitioner's request to file an amended petition and motion for temporary restraining order.  ECF No. 9.  On April 3, 2026, petition filed an amended petition, ECF No. 10, and motion for temporary restraining order, ECF No. 11.  On April 23, 2026, the court denied petitioner's motion for temporary restraining order.  ECF No. 14.

On May 15, 2026, petitioner filed a renewed motion for temporary restraining order.  ECF No. 19.  That same day, the court denied the motion and referred the matter to me for further proceedings.  ECF No. 20.  Also on that day, petitioner filed a petition in the Court of Appeals, and the court issued a temporary stay of removal that will remain in effect until further order of the court.  *Singh-Brar v. Blanche*, No. 26-3153 (9th Cir.), Dkt. No. 4; *see* ECF No. 23 at 5.

While petitioner argued that the stay precluded his removal in the reasonably foreseeable future, he did not present such a claim in his amended petition.  *See* ECF No. 18 at 13; ECF No. 10 ¶¶ 45-54.  Accordingly, on June 2, 2026, I gave petitioner leave to amend his petition to assert a claim challenging the constitutionality of his ongoing detention.  ECF No. 26.

On June 8, 2026, petitioner filed a second amended petition.  ECF No. 27.  One week thereafter, respondents filed an answer.  ECF No. 30.  On June 22, 2026, petitioner filed a reply.  ECF No. 31.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have

been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his re-detention has become prolonged such that it violates the Fifth Amendment.  ECF No. 27 ¶¶ 48-60.  Respondents counter that petitioner's detention remains constitutional despite his ongoing action in the Court of Appeals.  ECF No. 30 at 2-6.

Under section 1231, a noncitizen with a final order of removal is subject to mandatory detention for ninety days.  8 U.S.C. §§ 1231(a)(1)(A), (2)(A).  This time period is known as the removal period, and it typically begins on the date the order of removal becomes administratively final.  *Id*. § 1231(a)(1)(B)(i).  A removal order ordinarily becomes final when the Board of Immigration Appeals ("BIA") affirms such an order, or when the allotted time for appeal expires.  *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1.  However, where "the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."  *Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (citing 8 U.S.C. § 1231(a)(1)(B)(ii)).

Where a noncitizen is not removed by the expiration of the removal period, they are ordinarily released on an order of supervision.  8 U.S.C. § 1231(a)(3).  Some noncitizens, however, "may be detained beyond the removal period."  *Id*. § 1231(a)(6).  In *Zadvydas*, the Supreme Court held that discretionary detention under section 1231(a)(6) is "presumptively reasonable" for up to six months, at which point the noncitizen may provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government "must respond with evidence sufficient to rebut that showing."  *Zadvydas*, 533 U.S. at 701.  The Court of Appeals has held that the presumption of reasonableness applies during the removal period and the three months thereafter.  *See Kim Ho Ma*, 257 F.3d at 1102 n.5 (explaining that "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal—that is, *three months* after the statutory removal period has ended") (emphasis in original).

Here, the BIA dismissed petitioner's appeal on March 26, 2024.  ECF No. 13-4.  Consequently, his removal order became final.  *See* 8 U.S.C. § 1101(a)(47)(B)(i); 8 C.F.R. § 1241.1(a).  However, because petitioner timely appealed that order to the Court of Appeals, the removal period did not commence.  *See Kim Ho Ma*, 257 F.3d at 1104 n.12.  On April 8, 2025, the Court of Appeals denied petitioner's petition for review, and the mandate issued on June 2, 2025.  *See* ECF No. 13-5; ECF No. 13-6.  Consequently, the removal period began on June 2, 2025.[1]  *See Carver v. Lehman*, 558 F.3d 869, 878 (9th Cir. 2009) ("No opinion of this circuit becomes final until the mandate issues.").  As such, the presumption that petitioner's detention is reasonable expired on January 2, 2026.  *See Zadvydas*, 533 U.S. at 701; *Kim Ho Ma*, 257 F.3d at 1102 n.5; *L.R. v. Noem*, No. 2:25-cv-2019-RFB-BNW, 2026 WL 161605, at *10 (D. Nev. Jan. 21, 2026) (not applying the presumption where it had been more than six months since the petitioner's removal period began).

Petitioner presents two bases for finding that his removal is not significantly likely in the reasonably foreseeable future.  First, petitioner alleges that, when he was about to be removed on May 15, 2026, "immigration officers informed him that due to an error with his paperwork, he would not be placed on a deportation flight."  ECF No. 27 ¶ 49; *see also* ECF No. 23 at 2.  Respondents counter that petitioner "has provided no evidence to substantiate the claim that ERO experienced a problem with his removal paperwork" other than a "double hearsay assertion made by counsel in their own status report."  ECF No. 30 at 3.  Rather than a paperwork error, respondents argue that petitioner was not removed because the Court of Appeals stayed his removal that same day.

I agree with respondents.  Petitioner has not presented any evidence for the court to find that there exists a logistical issue with the government's ability to effectuate his removal.  On the contrary, the court already found that, prior to the stay order, petitioner's removal was "imminent."  ECF No. 20.  Indeed, in petitioner's motion for temporary restraining order, filed on

---

[1] Petitioner asserts that his removal period began on the day he was re-detained, February 19, 2026.  *See* ECF No. 27 ¶ 32.  He does not provide any legal authority supporting his assertion.  Moreover, respondents acknowledge that petitioner's detention "falls outside the removal period."  *See* ECF No. 30 at 3.

May 15, 2026, he alleged that he was transported to "Chicago, Illinois for imminent deportation to India." *See* ECF No. 19 at 8.  In his traverse in support of the second amended petition, petitioner does not contest respondents' representation that the government has a valid travel document and the means to effectuate his removal.  *See* ECF No. 30 at 2-3; ECF No. 31 at 3.  Accordingly, the allegation that an immigration officer referenced an unspecified error with petitioner's paperwork is insufficient for the court to find that petitioner's removal is not reasonably foreseeable.[2]

Second, petitioner asserts that because the Court of Appeals has stayed his removal, "[t]here is no realistic scenario in which removal occurs in the reasonably foreseeable future." ECF No. 27 ¶ 57.  Indeed, the Court of Appeals recently granted an extension of time such that briefing on petitioner's motion for a stay of removal might not be completed until October 23, 2026.  *See* ECF No. 31 at 8.  Petitioner argues that "[t]he automatic stay will remain in effect at minimum until the court rules on the stay motion, and likely until the Petition for Review is resolved."  ECF No. 27 ¶ 58.

However, respondents correctly identify that, as matter of law, judicial review alone is insufficient to support the finding that removal is not significantly likely in the reasonably foreseeable future.  *See* ECF No. 30 at 5-6.  In *Prieto-Romero*, the Court of Appeals for the Ninth Circuit held:

> [The petitioner] has been found removable by both the IJ and the BIA, but has sought judicial relief from that removal order, thereby delaying his deportation.  Judicial review, unlike the administrative process the government invoked in *Nadarajah,* is subject to strict procedural rules.  That independent, external constraint is "satisfactory assurance," that [the petitioner's] petition for review will be resolved with reasonable expedition.  *See Zadvydas,* 533 U.S. at 697, 121 S.Ct. 2491.  […]

*Prieto-Romero v. Clark*, 534 F.3d 1053, 1064-65 (9th Cir. 2008) (cleaned up) (emphasis in original).  The court further held that the petitioner "foreseeably remains *capable* of being removed—even if it has not yet finally been determined that he *should be* removed—and so the

---

[2] It seems possible that an immigration officer was referencing the removal stay—which prevented ICE from effectuating petitioner's removal.

government retains an interest in assuring his presence at removal.  His continued detention, while lengthy, is not indefinite." *Id.* at 1065 (cleaned up) (emphasis in original).

The *Prieto-Romero* court relied on an earlier decision by the Court of Appeals for the Tenth Circuit, which held:

> [The petitioner's] sole challenge to detention depends on the outcome of his petition for review, which only the Ninth Circuit has jurisdiction to resolve.  If the Ninth Circuit grants relief, he may return to the district court for reconsideration of his detention in light of that new circumstance.  [citation]  But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas*; it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim*, 538 U.S. 510, 527-29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004).

Other circuit courts have reached similar conclusions.  For example, the Court of Appeals for the Fourth Circuit has held that "ongoing withholding-only proceedings, even lengthy ones, simply do not present the same risk of 'indefinite and potentially permanent' detention at issue in *Zadvydas*.  Stated differently, ongoing withholding-only proceedings do not, standing alone, cast doubt on the foreseeability of an alien's removal in the future." *Castaneda v. Perry*, 95 F.4th 750, 757-58 (4th Cir. 2024).  Similarly, the Court of Appeals for the First Circuit held that once the petitioner's "withholding-only proceedings end, he will either be removed to the Dominican Republic or the government will have to begin the process of finding a different country to accept him.  Under the present circumstances then, he has failed to show that there is 'no significant likelihood of his removal in the reasonably foreseeable future.'" *G.P. v. Garland*, 103 F.4th 898, 902 (1st Cir. 2024) (citing *Zadvydas*, 533 U.S. at 701).  Finally, the Court of Appeals for the Sixth Circuit found that removal is "reasonably foreseeable" where the petitioner had a pending appellate case because if the petitioner did not prevail, "nothing should impede the government from removing him," and if the petitioner did prevail, "he may refile his § 2241 petition and argue at that point that there is no significant likelihood of removal in the reasonably foreseeable future." *See Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020).

6

These cases overwhelmingly support the conclusion that petitioner's judicial review alone is insufficient to support the finding that his removal is not significantly likely in the reasonably foreseeable future. Respondents identified all of the above-referenced decisions in their answer. *See* ECF No. 30 at 3-6. Nonetheless, petitioner did not identify any conflicting authority; I have not found any, either.[3] *See* ECF No. 31 at 1-2. Thus, I conclude that, as a matter of law, petitioner cannot satisfy his burden under *Zadvydas* based on judicial review alone.

Accordingly, because petitioner has failed to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," I find that his ongoing detention does not violate the Fifth Amendment. *See Zadvydas*, 533 U.S. at 701.

## Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. The second amended petition for writ of habeas corpus, ECF No. 27, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[3] Petitioner argues that, unlike in those appellate cases, his judicial review does not have a definite termination point because his Court of Appeals case "is itself a moving target that the government is actively extending." ECF No. 31 at 2-3. That the government was granted an extension of time in the Court of Appeals does not change the fact that petitioner's judicial review will be resolved with "reasonable expedition" such that his continued detention is "not indefinite." *See Prieto-Romero*, 534 F.3d at 1064-65.

IT IS SO ORDERED.


Dated:    June 26, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE