UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJIT SINGH BRAR (A-Number: 206-097-785),<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | Case No. 1:26-cv-2177-DC-JDP<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. Nos. 32, 34) |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 26, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (Doc No. 32.) On July 10, 2026, Petitioner filed objections in which he asserts his arguments as to his prolonged detention claim and further objects to the magistrate judge not addressing his due process claims in the findings and recommendations. (Doc. No. 33.) However, the arguments pertaining to prolonged detention were addressed and rejected by the magistrate judge, and those arguments as well as Petitioner's due process arguments were addressed and rejected by the undersigned in this case, specifically in denying Petitioner's motion for a temporary restraining order. (*See* Doc. No. 20.)

Specifically, the magistrate judge and undersigned found that the evidence presented shows that Petitioner's detention has not grown unconstitutionally long such that release is required under principles of due process because, for example, the government already has in its possession a travel document to facilitate Petitioner's removal. (Doc. Nos. 16-8; 32; 20.) This document reflects Respondents' efforts to facilitate Petitioner's removal more than six weeks before detaining him, as well as the amenability of India, Petitioner's country of citizenship, to facilitating the removal. (Doc. Nos. 16 at 2; 16-8.) This document, along with the other evidence already analyzed by the magistrate judge and the undersigned, supports the government's assertion that: (1) it had made a determination that removal was likely to occur in the reasonably foreseeable future in light of changed circumstances,[1] and (2) that Petitioner's detention was to facilitate his removal,[2] rather than "to coerce him into abandoning his pending legal proceedings and facilitate fast-track removal before the Ninth Circuit can act on his Petition for Review," as Petitioner contends. (Doc. Nos. 16-8; 13-1 at 3; 13-7; 27 at 11.) Thus, Petitioner's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 26, 2026 (Doc. No. 32), are

---

[1] Contrary to Petitioner's assertions (Doc. No. 27 at 11–12), under 8 U.S.C. § 214.4(l)(2) Respondents were not required to issue him an "advance notice of his arrest" or provide a pre-deprivation hearing before a neutral adjudicator. Similarly, Respondents did provide Petitioner with a written notice of the reason for the revocation of his release, as shown by the warrant of removal/deportation issued on the same day as Petitioner's detention, which Petitioner signed. (Doc. Nos. 27 at 11; 13-7.) Moreover, Petitioner was detained to facilitate his removal, not on account of any violations of conditions of release, so Respondents were not required to show any such violations in order to detain him. (Doc. No. 16-1 at 3); 8 U.S.C. § 214.4(l)(2)(iii).

[2] Petitioner's arguments as to determinations of flight risk and danger to the community (Doc. No. 27 at 11) are unpersuasive at this stage of his detention, given he is detained mandatorily under 8 U.S.C. § 1231(a)(6).

ADOPTED;

2. Petitioner Jagjit Singh Brar's (A-206-097-785) second amended petition for a writ of habeas corpus (Doc. No. 27), is DENIED;

3. The pending request for prompt decision (Doc. No. 34) is DENIED as having been rendered moot; and

4. The Clerk of the Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **August 15, 2026**

Dena Coggins
United States District Judge